## Henry v. Commonwealth.

(Decided April 24, 1934.)

EZART F. ASHCRAFT, for appellant.
BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Sam Henry, has been convicted of the crime of malicious shooting at another without wounding with intent to kill and sentenced to one year's imprisonment.

The sole ground relied upon for a reversal of the judgment is that the evidence is not sufficient to sustain the verdict.

The object of appellant's alleged wrath was one Hugh Rawlings, who lived not far from appellant's home near the town of Irvine. Ill feeling had existed between the parties for some time, but its cause is not disclosed by the record. There was proof of threats by each against the other, and appellant claimed that Rawlings had made threats in the presence of others on the day of the shooting, and that these threats had been communicated to him. Appellant had spent the day in Irvine and started to his home about 5 o'clock in the afternoon. As he passed the home of Tom Pace, a colored man, he saw Rawlings standing on the porch or at the door, and heard him ask Pace's wife for a drink of water. Rawlings also had been in Irvine. He was carrying a single-barreled shotgun, and when he stopped at the Pace home he stood the gun against a post near the door. Appellant saw the gun and believing, as he claims, that Rawlings would shoot him if his presence was discovered, he directed his son, who had joined him, to distract Rawlings' attention while he obtained possession of the gun. His son called Rawlings, and the latter started through the yard to the road. Appellant concealed himself behind a hedge and, at what he believed to be an opportune point in the situation, made a dash for the gun. Rawlings discovered his presence and, realizing his intention, turned and ran toward the gun. Appellant, however, had correctly timed his movements and was successful in the race for its possession. A struggle ensued and the shotgun was discharged. Appellant claimed that he did not fire it at Rawlings, but

the latter claimed that the load of shot passed near his head. Appellant then drew a pistol. At this point Rawlings remembered the old adage, "He who fights and runs away will live to fight another day" and, concluding that "discretion is the better part of valor," took to flight with the appellant in hot pursuit. The latter demanded that Rawlings stop and he punctuated his demands by firing the pistol. This only seemed to incite Rawlings to greater efforts at speed, and powers in this respect, hitherto latent, were disclosed of which even he was unaware. Appellant emptied his revolver, several bullets striking the ground just behind the fleeing Rawlings, but two bullets overtook him; one passing through his shirt near the neckband, and one striking the ground immediately in front of him. It seems that appellant during the pursuit carried the shotgun in one hand and fired the pistol with the other. The shotgun became entangled with his legs and he fell, but he arose still firing. There were a number of persons near the Pace home who witnessed the transaction and who were spectators of the race until the principals passed out of sight over the hill.

Appellant admits firing the pistol, but he insists that he did not shoot at the prosecuting witness. This contention is hardly reconcilable with the facts. It is true that appellant's marksmanship was bad at the beginning of the difficulty when the parties were in close proximity to each other if he was shooting at Rawlings; but, on the other hand, during the latter stages if, as he says, he was merely endeavoring to frighten Rawlings by shooting near him without striking him, his marksmanship was truly remarkable. At any rate, the question of his intention was one for the jury under all the facts, and we see no reason for disturbing its verdict.

The judgment is affirmed.